BRUNOT, J.
 

 The plaintiffs are the sole heirs of R. T. Curry, deceased. In their petition they allege that the N. E. quarter of section 16, township 19 north, range 11 west, Bossier parish, La., was purchased by the firm of Buckelew, Curry & Co., of which R. T. Curry, deceased, was a member, during the lifetime of R. T. Curry and the existence of said firm, from R. B. Poindexter; that during the year 1918 this property was sold under an assessment to Buckelew, Curry & Co. for the nonpayment of taxes thereon, and it was adjudicated at said sale to R. T. Wyche and T. J. Taylor. Plaintiffs, the widow and heirs of R. T. Curry, allege that this tax sale was null because the property was not assessed in the names of the individuals composing the firm of Buckelew, Curry & Co., and that no notice was given and no proper advertisement thereof was made, as required by law, and, in the alternative, that if the tax sale is held to be valid, in that event the property was redeemed by one of the co-owners and the redemption reverted to the original owners, and therefore plaintiffs have an assert-able interest therein.
 

 This is a correlated suit to No. 25992, F. C. Buckelew et al. v. R. E. Wyche and T. J. Taylor, 110 So. 91,
 
 [1]
 
 recently decided by this court, and it grows out of the same statement of facts presented in that case, which are substantially as follows:
 

 W. F. Buckelew, R. T. Curry, and N. W. Buckelew were conducting a mercantile business under the name of Buckelew, Curry & Co. In 1896 this firm bought the property involved in this suit from R. B. Poindexter. Soon after the acquisition of this property the firm of Buckelew, Curry & Co. sold out their business and dissolved their partnership. R. T. Curry subsequently died, and a few years later W. F. Buckelew and N. W. Buckelew died. The assessment of the property was not changed; it was carried on the assessment rolls of the parish in the name of Buckelew, Curry & Co., and for about 20 years thereafter the taxes were paid thereon, but the record does not show by whom they were paid. In 1918 the property was advertised and sold for the taxes due thereon for the preceding year, and R. T. Wyche and T. J. Taylor acquired it at that sale. Although plaintiffs have alleged improper assessment, illegal advertisement and absence of the notice required by law, the regularity of the tax sale is not seriously urged, but the question of the redemption vel non is insisted upon. In 1919 R. T. Wyche conveyed his interest in the property to T. J. Taylor, but took a counterletter from Taylor, and on May 8, 1919, before the tax deed had ripened into an indefeasible title to the property by the expiration of the redemption period, A. C. Buckelew, who was not a member of the partnership of Buckelew, Curry & Co., upon the payment to T. J. Taylor of $50 procured from him the following receipt:
 

 “Benton, La., May 8, 1919.
 

 “Received of A. C. Buckelew of Shreveport, La., fifty dollars ($50.00), and will on or before the 1st day of August, 1919, give him just such deed to the following land as I acquired by buying said lands at tax sale at Benton, La., on the 6th day of June, 1918. (In other words) will' on demand deed all my claims to said land, without guaranty of title, to Mr. Buckelew, to the following land, to wit, the northeast quarter of section 16, township 19, range 11, located in Bossier parish, Louisiana, same being 160. acres, more or less.”
 

 It does not appear that A. C! Buckelew ever called upon T. J. Taylor to convey to' him the lands described in the foregoing receipt. After the death of A. C. Buckelew, which occurred several months after the date fixed in the receipt for the confection and' passage of the deed conveying the title to the land to him, F. C. Buckelew, the brother of
 
 *157
 
 the deceased, discovered the receipt quoted above among the papers of the deceased, and he took the matter up with T. J. Taylor with a view of adjusting it, and proposed a redemption of the property. Taylor declined to permit a redemption, giving as his reason therefor, that the payment to him of the $50 was not made for the purpose of redemption, but it was a payment to him in compensation for an extension of the time beyond the legal limitation in which the privilege of redemption might be exercised, and as the extension thus granted had elapsed without action thereon, he would not consent to a further extension of the right to redeem, hut, under the circumstances, he would consent to a division of the land. This proposal was accepted, and it resulted in a written compromise whereby the Buckelews were permitted to redeem 120 acres of the 160-acre tract, and Taylor retained title to the remaining 40 acres thereof, under the tax title, fortified by a quitclaim deed thereto executed by the Buckelews.
 

 Some years thereafter oil was discovered in the vicinity of the land, and, as it is universally conceded that money is at least one of the roots of evil, the Buckelews began an investigation with a view of annulling the compromise agreement they entered into with Taylor and recovering the entire tract. About the same time a dispute arose between Wyche and Taylor as to the ownership of the 40 acres retained by Taylor, which had been leased at a good price. The Buckelews then filed a suit to avoid the compromise agreement they had entered into with Taylor, alleging fraud as grounds for the suit, and that the payment to Taylor of $50 by their ancestor was a payment for the redemption of the property and not for an extension of time for redemption, as claimed by him. The lower court rejected plaintiffs’ demands, and the judgment was affirmed on appeal to this court in the ease to which we referred at the outset of this opinion as a correlated suit to the one now before us.
 

 Inasmuch as more than three years had elapsed from the date and recordation of the tax sale to Wyche and Taylor and the institution of this suit, plaintiffs -have virtually abandoned their attack upon the legality of the assessment and notice.
 

 There is no evidence in the record to show that A. O. Buekelew, who was a son of W. F. Buekelew, the member of the firm of Buekelew, Curry
 
 &
 
 Co., acted either for the firm of Buekelew, Curry & Co. or for the estate of W. F. Buekelew when he secured from Taylor, upon the payment of $50, an extension of time beyond the legal limitation, for a redemption of the property which was assessed to that firm, and which Taylor acquired at a tax sale thereof for the nonpayment of taxes, and to hold that he was acting for any person other than himself, in the absence of any proof whatever, would be a mere assumption with no foundation upon which to base it; and when his son, several years later, and by reason of that payment, succeeded in recovering a part of the property we cannot in the absence of some proof as a basis for our conclusion, hold that property thus acquired was in the nature of a redemption, and that by reason thereof it inured to the original owners.
 

 We think this conclusion is decisive of the case, and for these reasons, and the conclusions reached by this court in No. 25,992, F. C. Buekelew et al. v. R. E. Wyche and T. J. Taylor, 110 So. 91,
 
 [1]
 
 the judgment appealed from is avoided and reversed, and plaintiffs’ demands are rejected, at their cost in both courts.
 

 [1]
 

 162 La. 67.
 

 [1]
 

 162 La. 67.